NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 19 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RICHARD DEAN JOHNSON; LORI JOHNSON, | No. 19-15394 |
| Plaintiffs-Appellants, | D.C. No. 1:16-cv-01636-AWI-SAB |
| v. | MEMORANDUM* |
| FABIAN VELAZQUEZ, in his official and individual capacities, | |
| Defendant-Appellee, | |
| and | |
| CITY OF ATWATER; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Submitted February 7, 2020**
San Francisco, California

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before:  PAEZ and BEA, Circuit Judges, and ADELMAN,\*\*\* District Judge.

Plaintiffs-Appellants Richard and Lori Johnson appeal the district court's judgment following a jury verdict in favor of Defendant-Appellee Fabian Velazquez.  Appellants contend the district court abused its discretion in excluding under Federal Rule of Evidence 403, a Statement of Decision ("Decision") issued by an Administrative Law Officer.  We review a district court's decision to exclude evidence for abuse of discretion.  *See United States v. Plancarte–Alvarez*, 366 F.3d 1058, 1062 (9th Cir. 2004); *see also United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc) (articulating the abuse-of-discretion standard).  And "[s]uch rulings will be reversed only if the error more likely than not affected the verdict."  *United States v. Liu*, 538 F.3d 1078, 1085 (9th Cir. 2008).

The district court did not abuse its discretion in excluding the Decision.  The record reflects that the district court carefully assessed that the Decision was relevant to whether Velazquez committed a post-Decision Bane Act violation with malicious intent, a finding which could have supported punitive damages at trial.  The district court then reasonably concluded that the Decision's probative value— in tending to make the fact that Velazquez committed a post-Decision Bane Act

---

\*\*\*	The Honorable Lynn S. Adelman, United States District Judge for the Eastern District of Wisconsin, sitting by designation.

2

violation with malicious intent more probable—was substantially outweighed by the dangers that admission of the Decision into evidence (1) might confuse the issues in this case to be about the constitutionality of the municipal code sections discussed in the Decision, and (2) could cause the jury to give undue weight to the Decision as proof that pre-Decision conduct was unconstitutional and impute malicious intent to Velazquez.

Even if the district court abused its discretion in excluding the Decision, that error would not warrant reversal because it could not have "more likely than not affected the verdict." *Liu*, 538 F.3d at 1085. As noted above, the Decision's purported relevance was that if Velazquez committed a Bane Act violation after he knew about the Decision, then the Decision would have had a tendency to make it more probable that Velazquez committed such a post-Decision Bane Act violation with the requisite malicious intent to support punitive damages. But the jury found no Bane Act violation, without which the jury had no occasion to consider the secondary question of whether punitive damages were warranted. Because the Decision was not relevant to any aspect of the jury's verdict, the Decision's exclusion could not have affected the verdict.

**AFFIRMED**.

3